| | |
|---|---|
| ASHLEY KEISLING. individually, and ) <br>     as natural guardian for S.E and C.E., minor children  ) <br> ) <br>           **Plaintiffs,**  ) <br> **v.**  ) <br> **AMANDA SAMMONS,** individually and  ) <br>     in her official capacity as General Sessions Judge,  ) <br> **CAMPBELL COUNTY, TN** Government, through its  ) <br>     County Mayor, Edgbert L. Morton  ) <br> **BOBBY VANN,** in his official capacity as Circuit Court Clerk  ) <br> **ROBBIE GOINS,** in his official capacity as Sheriff,  ) <br> and  ) <br> **WHITLEY COUNTY, KY** Government, through its  ) <br>     Judge Executive, Pat White, Jr.  ) <br> **COLAN HARRELL,** in his official capacity as  ) <br>     Sheriff of Whitley County, Kentucky  ) <br> )<br>           **Defendants.**  ) | No. _____ <br> **[Jury Demanded]** |

# COMPLAINT

Come now Plaintiffs, ASHLEY KEISLING, individually [referred to as "Plaintiff Keisling"] and as natural guardian of her two (2) minor children [referred to as "Plaintiff Minor Children"], by and through counsel, and for Complaint against the above-named Defendants, allege as follows:

1. **NATURE OF THE CASE**

1.1   This action arises under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and under federal law, specifically, the Civil Rights Act of 1871 (codified as amended at 42 U.S.C.A. § 1983 *et seq.*) for violations of the constitutional rights of the Plaintiffs, guaranteed by said amendments of the United States Constitution, and made applicable to the states through the Fourteenth Amendment. Plaintiffs also bring suit against Defendants for violation of their Fourteenth Amendment rights under the Constitution of the United States of America.

PryorParrott, PC
Attorneys
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 1 of 18   PageID #: 1

PAGE 1 OF 18

## 2. JURISDICTION AND VENUE

2.1 This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C.A. § 1331 (Federal Question) and § 1343 (Civil Rights), as well as 42 U.S.C.A. § 1983 *et seq.*, including 42 U.S.C.A. § 1985 for conspiring to deprive and 42 U.S.C.A. § 1986 for neglect to prevent conspiracy to deprive Plaintiffs of their constitutional rights.

2.2 Venue of this action is proper pursuant to 28 U.S.C.A. § 1391(b) in that a substantial part of the events giving rise to the action occurred in the Eastern District of Tennessee, which includes Campbell County, Tennessee.

## 3. PARTIES

3.1 Currently, and at the time of the incidents described herein, Plaintiffs were citizens and residents of Williamsburg, Whitley County, Kentucky.

3.2 Defendant Amanda Sammons is the General Sessions Judge for Campbell County, Tennessee with juvenile jurisdiction, and domestic jurisdiction by private act. Defendant Sammons is, and at all times mentioned in this Complaint, was a resident of Campbell County, Caryville, Tennessee. At all times relevant to this Complaint, Defendant Sammons is sued both individually and in her official capacity for her failure to perform, neglect of, conspire and show deliberate indifference to her duties. Defendant Sammons is further responsible for the affirmative acts taken by her which violated both federal and state law, as well as deprive Plaintiffs of constitutional rights set forth herein. Defendant Sammons is also sued in her personal capacity for affirmative acts taken outside the scope of her official capacity and for taking action when she was devoid of jurisdiction over Plaintiffs. Sammons was a one-person prosecuting, paper-serving judge who completely dispensed with underlying pleadings, any due process, formal or otherwise, or any kind of substantive hearings whatsoever.

PryorParrott, PC
Attorneys
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

3.3  Defendant Bobby Vann is the Circuit Court Clerk of Campbell County, Tennessee. Defendant Vann is a resident of Campbell County, and at all times relevant to this Complaint was acting under color of state law, and is sued only in his official capacity for his failure to perform, neglect of, conspire and act with deliberate indifference of his duties. Defendant Bobby Vann is responsible for the clerical duties, policies, procedures, and practices implemented in the documentation, processing, and issuing notices and summons in the General Sessions and Juvenile Courts of Campbell County, and reporting juvenile cases to the Department of Children Services and other various agencies, departments and employees of the State of Tennessee and Campbell County, Tennessee.

3.4  Defendant Robbie Goins is the Sheriff of Campbell County, Tennessee. Defendant Goins is a resident of Campbell County, Tennessee, and at all times relevant to this Complaint was acting under color of state law, and is sued only in his official capacity for his failure to perform, neglect of, conspire and act with deliberate indifference of his duties. Defendant Sheriff Goins is responsible for providing court bailiffs for the General Sessions and Juvenile Courts of Campbell County, and the customs, policies, procedures, training and practices implemented through his department and employees of the Campbell County Sheriff's Department, including, but not limited to, the policies and practices used in serving process on parties in said court, and training received by the court bailiffs in the General Sessions and Juvenile Court of Campbell County.

3.5  In performing the acts alleged in this complaint, Defendants Bobby Vann and Robbie Goins were acting under the color of the statutes, ordinances, regulations, customs, and usages of Campbell County, Tennessee and the State of Tennessee, and under the authority of their respective offices as the Circuit Court Clerk and the Sheriff of Campbell County, Tennessee.

3.6  Defendants Bobby Vann and Robbie Goins, in their official capacities, and Defendant Campbell County Government, may be served through the County Mayor, Edgbert L. Morton, at his

PryorParrott, PC
Attorneys
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 3 of 18   PageID #: 3

PAGE 3 OF 18

governmental office located in the Campbell County Courthouse at Jacksboro, Tennessee.

3.7     Defendant Amanda Sammons, in her individual and official capacities, may be served at her residence located at 1523 Cherry Bottom Road, Caryville, TN 37714.

3.8     Defendant Whitley County, Kentucky Government and Sheriff Colan Harrell, in his official capacity, may be served through the Judge Executive Pat White, Jr. at his governmental office located at 200 Main Street, Williamsburg, KY 40769.

3.9     In performing the acts alleged in this complaint, Defendant Sheriff Harrell and his deputies were acting under the color of the statutes, ordinances, regulations, customs, and usages of Whitley County and the Commonwealth of Kentucky, and under the authority of the Sheriff of Whitley County, Kentucky.

## 4.     FACTS

4.1     On September 30, 2015, without notice and by complete surprise, Plaintiff Keisling was abruptly informed that officers from the Sheriff's Office of Whitley County, Kentucky had arrived at the school of Plaintiff's minor children in Whitley County, Kentucky, under Orders from a Tennessee court to take her two (2) minor children, S.E. and C.E. [*names redacted*] (collectively referred to as "Plaintiff Minor Children"), into protective custody.

4.2     Custody was ordered by Defendant Amanda Sammons to be placed with Johnny Ray Elliott (hereinafter referred to as the "Father"), who had a valid "no contact order" from the Plaintiff Minor Children issued against him in the Whitley County District Court in Williamsburg.

4.3     Those officers, who are employed by Defendant Whitley County Sheriff, were only able to capture one (1) of the children on September 30, 2105, the other was taken into custody on October 1, 2015.

4.4     The only means in which Plaintiff Keisling learned why this event was occurring was because her

**PryorParrott, PC**
**Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 4 OF 18

Case 3:16-cv-00589-TRM-HBG    Document 1    Filed 09/30/16    Page 4 of 18    PageID #: 4

son took a picture of the pleading shown to him by the officers, which he then sent via text message to his Mother, before he ran.

4.5  The pleading was an *Ex Parte* Protective Custody Order issued in the General Sessions Court of Campbell County, Tennessee, signed by Defendant Amanda Sammons, which said the judge had found probable cause to believe the minor children were dependent and neglected (hereinafter referred to as "D&N"), and a hearing was set for October 7, 2015.

4.6  This *Ex Parte* Protective Custody Order was issued on September 30, 2015, however a previous *Ex Parte* Protective Custody Order, also signed by Defendant Sammons, had been entered in the Juvenile Court for Campbell County, Tennessee on September 14, 2015.

4.7  Plaintiff Minor Children, who have been Kentucky residents since 2008, have never been the subject of a dependency and neglect case in the Juvenile Court of Campbell County.

4.8  Defendant Sammons had issued both the *Ex Parte* Protective Custody Orders without an underlying petition, pleading, or sworn affidavit as required by Tenn. Rules 5, 8, and 11 of Practice and Procedure of the Juvenile Court.

4.9  To further confuse matters, the General Sessions Court docket number used on the *Ex Parte* Protective Custody Orders was "DR015131" (this number is the case number which began as a divorce proceeding between the Mother and Father), but when the case was placed on the General Sessions docket for October 7, 2015, it was listed as case number 7GS1-2008-CV-1829. The latter case number appears nowhere else in the court file.

4.10  Although both *Ex Parte* Orders state that a referral was made to the Tennessee Department of Children's Services (hereinafter referred to as "DCS"), no petition and/or allegation filed by DCS or any other party is contained within a juvenile court file which would provide a legal basis for

PryorParrott, PC
Attorneys
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 5 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 5 of 18   PageID #: 5

dependency and neglect.

4.11   There is no sworn Affidavit by DCS because this D&N action was initiated and prosecuted by Defendant Sammons.

4.12   No report of removal was ever made to DCS pursuant to the *Ex Parte* Orders by Defendants Sammons, her office staff, the Circuit Court Clerk's office, or the Sheriff's Department.

4.13   DCS was initially informed of the Minor Children's removal from their Kentucky home by Plaintiffs' counsel on October 6, 2015, approximately five (5) days after removal of the first child.

4.14   Since Defendant Sammons unilaterally initiated prosecution of the 2015 juvenile proceedings, DCS did not have an open case on them when Plaintiffs' counsel called about the welfare of the children.

4.15   Plaintiff Sammons issued the *Ex Parte* Protective Custody Order on September 14, 2015, without determining, "from the juvenile court petition and the affidavit and/or sworn testimony presented, that there is probable cause to believe . . . in the case of a child alleged to be dependent and neglected, that the child is in need of immediate protection of the court." Tenn. R. Juv. P. 11(b)(1). Sammons stated later from the bench that she acted solely on her impression from an unrelated case where she thought these children were mentioned. To date, the unrelated case has never been disclosed.

4.16   These parties were before the court when the Father filed a Complaint for Divorce in the General Sessions Court for Campbell County, Tennessee (hereinafter referred to as "General Sessions"), against Plaintiff Keisling on August 29, 2008. At the time of filing, the couple had separated in Jellico, Tennessee, and Keisling had already moved with the children to Williamsburg, Kentucky.

4.17   On November 5, 2008, a Final Decree of Divorce was entered. Along with the Final Decree of Divorce, a Permanent Parenting Plan Order stated the Primary Residential Parent was the Plaintiff

**PryorParrott, PC**
**Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 6 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 6 of 18   PageID #: 6

mother, a Kentucky resident.

4.18   In September, 2011, Plaintiff Keisling submitted a *pro se* response to a Petition to Modify Decree, and attached a copy of an Order from the Commonwealth of Kentucky, 34th Judicial District, Whitley District Court, ordering "no contact" between the Father and Plaintiff Minor Children signed by Kentucky Judge Cathy Prewitt.

4.19   From October 3, 2011, until August 27, 2015, over a period of approximately four (4) years, no action was taken in the domestic case in General Sessions Court.

4.20   In September 2015, for reasons known only to Defendant Sammons that are not supported by evidence or documentation in the court file, a handwritten note believed to be written by Defendant Sammons, appeared in the file directing the Circuit Court Clerk to place the matter on the docket for September 14, 2015, and to send notice to the parties.

4.21   Sammons' hand-written note states, "that ALL parties are to be present in court w/ all 3 kids on above date." The note refers to another child besides the two (2) Plaintiff Minor Children. The notice in the court file issued by the Circuit Court Clerk to Plaintiff Keisling contains Ashley Keisling's name only and has no address listed.

4.22   Defendant Sammons conducted hearings in open court in Plaintiff Keisling's absence with the participation of the Father and his council. Plaintiff Keisling received no notice of the proceedings involving the Plaintiff Minor Children. No petition by DCS or any other memorialization of allegations exist in the court file.

4.23   Based upon information and belief, Defendant Sammons conducted juvenile proceedings in open court involving Plaintiff Minor Children without notifying DCS, providing notice to Plaintiffs, or appointing a Guardian Ad Litem or Attorney Ad Litem for the Minor Children.

**PryorParrott, PC**
**Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 7 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 7 of 18   PageID #: 7

4.24    When Plaintiff Keisling appeared with counsel to get her children back, on October 7, 2015, Defendant Sammons refused to conduct a hearing, and gave the Father an additional fourteen (14) days to respond to the Plaintiff's Motion to Dismiss.  At that point, the Father and his council had already been heard by the court in two (2) previous hearings of which Plaintiff Keisling had no knowledge.

4.25    Further, on October 7, 2015, in response to oral argument related to lack of notice, Defendant Sammons instructed a deputy bailiff to improperly serve Plaintiff Keisling with defective process while Keisling and her counsel stood in front of the judge's bench.

4.26    On October 7, 2015, Defendant Sammons reset the hearing for October 20, 2015, in violation of hearing deadlines mandated in the Tennessee Rules of Juvenile Procedure set forth in Paragraphs 5.1(C) and 5.5 below.

4.27    On October 7, 2015, Defendant Sammons disregarded notice given in pleadings and open court that she had removed Kentucky residents over whom she had no jurisdiction, and that she had placed them in the care of an individual who was under a "no contact order" issued by a Kentucky judge. She shrugged off pleas for immediate hearing and requests for immediate concerns for the children's welfare.

4.28    Even if Defendant Sammons had asserted domestic jurisdiction from the 2008 divorce case in the General Sessions Court, she was devoid of subject matter jurisdiction to remove the children based upon dependency and neglect.  October 7, 2015 was a day in which the docket was set for domestic, not juvenile cases.

4.29    Pursuant to Tenn. Code Ann. § 37-1-103(a)(1), D&N cases are under the exclusive and original jurisdiction of juvenile court.

**PryorParrott, PC**
**Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 8 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 8 of 18   PageID #: 8

4.30   To obtain relief from the unlawful authority of Defendant Sammons, Plaintiff Keisling was forced to file a petition seeking a <u>Writ of Certiorari</u> in the Circuit Court of Campbell County.

4.31   Circuit Court Judge John McAfee found "all actions taken by Campbell County Juvenile Judge and General Sessions Judge Amanda Sammons were in clear absence of all jurisdiction; and the *Ex Parte* Protective Custody Orders of September 14, 2015, and September 30, 2015, based upon dependency and neglect are void *ab initio*." The minor children were immediately returned to their Mother.

4.32   Plaintiff Keisling was deprived of her two (2) minor children, and they were deprived of the protection of their Mother, for approximately three (3) weeks without notice and an opportunity to be heard.

4.33   All case events in 2015 were unlawfully initiated solely by Defendant Sammons in prosecution of a case in which she had no jurisdiction.

4.34   The *Ex Parte* <u>Protective Custody Orders</u> of September 14, 2015, and September 30, 2015, were civil foreign judgments wrongfully enforced by Defendant Sheriff of Whitley County, Kentucky in violation of Kentucky's Uniform Child Custody Jurisdiction And Enforcement Act, Ky. Rev. Stat. § 403.800 *et seq*. The Sheriff had no authority to forcibly remove the Plaintiff Minor Children from schools in Whitley County, Kentucky without an order issued in the Kentucky court system to enforce the foreign Orders from Tennessee.

4.35   Defendant Sammons has never provided any pleading or affidavit of allegations against Plaintiffs. Plaintiffs have never been given an opportunity to defend, never heard evidence to support a finding of probable cause for dependency and neglect; and no allegations supporting same are contained in the court file.

4.36   The Plaintiff Minor Children were removed from their Kentucky home and the primary custodial

**PryorParrott, PC**
**Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 9 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 9 of 18   PageID #: 9

care of their mother, Plaintiff Keisling, for approximately three (3) weeks by a foreign judge, without probable cause or an opportunity to be heard, although they had resided in the Commonwealth of Kentucky for over seven (7) years.

## 5. JUVENILE COURT PROCEDURE AND LAW

5.1 Plaintiff Keisling had her children taken from her in a proceeding that did not adhere to the proper procedural rules and laws of Tennessee. It was initiated and prosecuted entirely by Amanda Sammons. While cases of dependency and neglect should follow the Tennessee Rules of Juvenile Procedure, those Rules were ignored for reasons unknown to the Mother.

    A. Rule 8 says that while anyone may file a complaint with juvenile court, a complaint of dependency and neglect must always be referred to the Tennessee Department of Children Services. Tenn. R. Juv. P. 8. Rule 13(a) mirrors Rule 8 in its requirement of a referral and investigation by the Department of Children's Services in all dependency and neglect cases.

    B. <u>Rule 11</u> requires a number of things to occur when an order for the attachment of a child is issued. First, the Rule says the judge must determine from the petition and affidavit and/or sworn testimony that the child "is in need of the immediate protection of the court." Tenn. R. Juv. P. 11(b)(1). Second, the following should govern the judge's probable cause determination:

        1) statement of person requesting attachment should be in writing and made under oath;

        2) the written affidavit must provide sufficient factual information to support the finding that probable cause exists; and

        3) service of summons would be ineffectual or informants information and credibility must appear in the affidavit. <u>Id.</u>

**PryorParrott, PC**
**Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 10 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 10 of 18   PageID #: 10

Further, pursuant to Rule 11, the judge must find that the child's health and/or welfare are in danger due to their surroundings; the child may leave or be taken from the jurisdiction; or service of summons is ineffectual or the parties are evading service. Tenn. R. Juv. P. 11(b)(2). Only after all the provisions of Rule 11 have been satisfied may the judge order the child into custody and brought before the court. *Id.*

C. Pursuant to Rule 16, a preliminary hearing shall be held no later than seventy-two (72) hours after removal, excluding non-judicial days. Under no circumstances should the hearing be held more than eighty-four (84) hours after removal. Tenn. R. Juv. P. 16(a).

D. Rule 5(d) outlines certain grounds for emergency removals in dependency and neglect cases. This can be done by court order when a sworn petition exists giving rise to a need of immediate protection of the child; and it may be done without court order by certain other officials who have reasonable grounds to believe that the conditions in Tenn. Code Ann. § 37-1-114 exist. Tenn. R. Juv. P. 5(d).

5.2 On its face, Defendant Sammons appears to have followed only one (1) requirement of these rules, this is the requirement that a referral to the DCS appears in both the Orders entered on September 14, 2015, and September 30, 2015. However, even this was a sham, because DCS was never notified until contacted by Plaintiff's counsel. The case was not "referred," because DCS was not informed.

5.3 Tennessee's version of the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA"), Tenn. Code Ann. § 36-6-201, *et seq.*, removes jurisdiction from Tennessee courts having continuing custody jurisdiction when:

(1) A court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that

**PryorParrott, PC**
**Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 11 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 11 of 18   PageID #: 11

substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(2) A court of this state or **a court of another state** determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

5.4 If the court lacks continuing jurisdiction, it must determine whether it has jurisdiction to make a custodial determination. These statutory requirements have never been considered by Defendant Sammons, who made statements in open court that her understanding of the law is contrary to the Tennessee statute cited above.

5.5 Defendant Sammons did not conduct a timely hearing to allow Plaintiffs to appeal. She refused to act within mandated time requirements of 72-84 hours (Tenn. R. Juv. P. 15 (a)), causing the matter to drag on for weeks in cavalier derogation of the rights of the Plaintiffs. Plaintiff Keisling being denied every constitutional and statutory protection, was forced to seek a <u>Writ of Certiorari</u> in a court of superior jurisdiction before she could get a judge to hear her cries to return her children.

## 6. COUNTS
### (FOURTH, FIFTH AND FOURTEENTH AMENDMENTS VIOLATION OF 42 U.S.C.A. § 1983)

6.1 Plaintiff Amanda Sammons exercised jurisdiction over Kentucky residents, over whom she had no jurisdiction.

6.2 Plaintiff Sammons wrongfully made ruling based upon dependent and neglect in a domestic case in which there is no subject matter jurisdiction to render a D&N ruling.

6.3 Based upon documents in the court file, Defendants had notice that Plaintiff Minor Children had been in living in Kentucky since at least 2010.

6.4 Based upon documents in the court file, Defendants had notice that a "no contact" order had been entered in a Kentucky court that had accepted jurisdiction of the Plaintiff Minor Children.

6.5 Defendant Sammons wrongfully deprived Plaintiff Keisling, the Mother, of her constitutionally

**PryorParrott, PC**
**Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 12 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 12 of 18   PageID #: 12

protected right to the custody and care of her children without governmental interference for almost three (3) weeks, a right guaranteed by the Fourteenth Amendment.

6.6  Defendant Sammons acted in disregard of, and in violation of, the Tennessee Rules of Juvenile Procedure, by conceiving, prosecuting and ruling on a Dependency & Neglect case all on her own initiative, without action by any party or state agency.

6.7  The conduct of Defendants, as described above, deprived Plaintiffs of their Fourth Amendment right to be secure against unreasonable seizures without probable cause supported by an oath or affirmation, which was extended to state action through the equal protection clause of the Fourteenth Amendment; thus, Defendants are liable to Plaintiffs pursuant to 42 U.S.C.A. § 1983 *et seq.* and §1986 for violation of Plaintiffs' rights guaranteed by the Fourth Amendment.

6.8  The conduct of Defendants as described above was so outrageous that it shocks the conscience so as to violate the Plaintiffs' substantive due process rights guaranteed by the Fourteenth Amendment.

6.9  Defendants, in their official capacities, are liable to Plaintiffs, for special and general compensatory damages, including but not limited to, emotional, physical and pecuniary damages, punitive damages, and reasonable attorney's fees and costs.

6.10 Defendant Amanda Sammons, in her individual capacity, is also liable to Plaintiffs for special and general compensatory damages, including but not limited to emotional, physical, and pecuniary damages, punitive damages, and reasonable attorney's fees, and costs.

6.11 Defendant Sammons set in motion a series of events that ended with the unlawful seizure of the Plaintiff Minor Children. Defendant Sammons took these steps in violation of Plaintiffs' constitutional right to due process, because Defendant Sammons initiated this action and did not provide notice to the Plaintiffs, prior to the removal of the minor children from the primary custodial

**PryorParrott, PC**
**Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 13 OF 18

Case 3:16-cv-00589-TRM-HBG    Document 1    Filed 09/30/16    Page 13 of 18    PageID #: 13

6.12   Defendant Sammons issued two (2) *Ex Parte* Protective Custody Orders of September 14, 2015, and September 30, 2015, without providing notice or service of process to the Plaintiff and/or her minor children, or appointing them a Guardian Ad Litem, or an Attorney Ad Litem.

6.13   Defendant Sammons issued two (2) *Ex Parte* Protective Custody Orders *sua sponte*, and did so without providing Plaintiffs notice of any allegations whatsoever that show Sammons' charges against them or grounds for removal.

6.14   Defendant Vann and his employees issued an improper Notice that did not list an address for Plaintiff Keisling and her children, and, based upon information and belief, made no reasonable effort to ascertain Plaintiffs whereabouts.

6.15   Defendant Vann and/or employees, Defendant Sheriff Goins by and through deputy bailiffs, and employees of Campbell County, Tennessee government, failed to notify DCS of the September 14, 2015 hearing, and, after the September 30, 2015 hearing, failed to notify DCS or any other official who could have protected the Minor Children during their removal, and, accordingly, acted or failed to act with knowledge that the Minor Children had been wrongfully ordered to be removed in violation of their constitutional rights.

6.16   Defendant Vann and/or employees, Defendant Sheriff Goins by and through deputy bailiffs, and employees of Campbell County, Tennessee government, were present in the courtroom on September 14, 2015, and September 30, 2015, and knew or should have known that hearings were conducted without any service of process or notice to Plaintiffs in violation of their constitutional rights, and failed to report improper conduct to the Tennessee Board of Judicial Conduct, or otherwise take action to protect Plaintiff Minor Children.

6.17   On October 7, 2015, Defendant Sheriff Goins by and through deputy bailiffs wrongfully participated

**PryorParrott, PC Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 14 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 14 of 18   PageID #: 14

in acts constituting abuse and/or improper service of process in the General Sessions courtroom by handing a copy of a previously issued order to Plaintiff Keisling while she was standing in front of Defendant Sammons, all of which occurred a week after her children had been unlawfully removed.

6.18   The attempt of service by Defendant Sammons personally from the bench and the deputy bailiff in front of her was defective on its face and improper.

6.19   Defendant Amanda Sammons's actions deprived Plaintiffs of their rights to procedural due process.

6.20   Defendant Sheriff Goins by and through deputy bailiffs, while acting under color of law, conspired with Defendant Sammons to deprive Plaintiffs of their constitutional rights of freedom and continuing family contact, and participating in the deprivation of Plaintiffs' constitutional rights, by serving improper process in violation of their rights under the Fourteenth Amendment and failure to adhere to clearly established state and federal law intended to protect Plaintiffs' constitutional rights, and in violation of 42. U.S.C.A. §1985 and §1986.

6.21   Defendant Bobby Vann by and through employee clerks, while acting under color of law and in their official capacities, conspired with Defendant Sammons to deprive Plaintiffs of their constitutional rights pursuant to the Fourteenth Amendment, and clearly established state law intended to protect the constitutional rights of Plaintiffs, by failing to engage the appropriate child protection services which are statutorily mandated when children are removed from a home, and act to enforce the dictates of Defendant Sammons which were clearly unconstitutional, in violation of Plaintiffs' civil rights, and in violation of 42. U.S.C.A. §1985 and §1986.

6.22   Defendant Campbell County Government continues to conspire with Defendant Sammons to condone and support her wrongful and illegal actions to engage in conduct in violation of constitutional rights by continuing to pay Defendant Sammons full compensation while she is under

**PryorParrott, PC**
**Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 15 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 15 of 18   PageID #: 15

criminal indictment for four (4) felony charges of official misconduct for which she is suspended from all judicial action. Plaintiff Keisling seeks Defendant Campbell County Government to be enjoined from providing any more payments until such suspension is lifted and Defendant Sammons is eligible to perform judicial actions, if ever.

6.23 Defendant Sheriff Harrell by and through deputy bailiffs, while acting under color of law, conspired with Defendant Sammons to deprive Plaintiffs of their constitutional rights of freedom and continuing family contact, and participating in the deprivation of Plaintiffs' constitutional rights, by unlawfully removing Plaintiff Minor Children in violation of their rights under the Fourteenth Amendment and failure to adhere to clearly established state and federal law intended to protect Plaintiffs' constitutional rights, and in violation of 42. U.S.C.A. §1985.

## 7. DAMAGES

7.1 As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiffs have experienced and continues to experience emotional, mental and physical injuries for which they are entitled to recover.

7.2 As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiff Minor Children were not placed in school during the time they were removed from the home, and were behind in their studies when they returned to school in Kentucky, and deprived of school activities in which they normally participated for the entire school year.

7.3 As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiff Minor Children were subjected to physical injuries from being subjected to an unclean home with bedbugs, and incurred substantial emotional and physical hardships such that they had difficulty returning to a sense of normalcy, and mental security and well-being.

**PryorParrott, PC**
**Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 16 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 16 of 18   PageID #: 16

7.4 As a direct and proximate result of the unlawful conduct of the Defendants as described above, one of the Minor Children sustained several emotional injuries from being unlawfully forced to return to an unsafe environment in which one had previously been abused.

7.5 As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiff Keisling incurred expenses, bills and attorney's fees to defend the unlawful court action in Tennessee.

7.6 As a direct and proximate result of the unlawful conduct of the Defendants as described above, Plaintiff Keisling experienced and continues to experience severe emotional, mental and physical injuries from a sense of helplessness, mental anguish, extreme stress and worry of being derived of, and inability to protect her children from an unsafe environment, for which she is entitled to recover.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray against Defendant Amanda Sammons, individually and all Defendants in their official capacity, jointly and severally as follows:

1. That proper process issue and be served upon the Defendants, requiring them to answer this Complaint within the time required by law;

2. That the Court conduct a jury trial on the issues pled;

3. That Defendant Campbell County Government be enjoined from continuing compensation to Defendant Amanda Sammons while she is under suspension due to criminal indictment;

4. That Plaintiffs be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact, not to exceed the maximum amount allowed by law;

5. That Plaintiffs be awarded a judgment for punitive damages in an amount that is necessary to punish Defendant Amanda Sammons and to deter others from committing similar wrongs in the future;

6. That the Plaintiffs be awarded their costs, litigation costs, discretionary costs, pre- and post judgment

**PryorParrott, PC**
**Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 17 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 17 of 18   PageID #: 17

interest, and attorney's fees pursuant to 42 U.S.C.A. § 1988; and

7. That Plaintiffs be granted such other, further, and general relief as to which they are entitled.

**ASHLEY KEISLING. individually, and
as natural guardian for her two minor children**

/s/ *Kathy Parrott*
Kathy Parrott             BPR No. 13377
**PryorParrott, PC**
Attorneys for Plaintiff
P.O. Box 103
140 Kentucky Street, Suite 1
Jacksboro, TN 37757
Telephone:   (423) 907-0907
Fax:         (423) 907-0079
Email:       kparrott@pryorparrott.com

COST BOND

_____ I hereby acknowledge myself surety for all costs of this cause.

/s/ *Kathy Parrott*
Kathy Parrott, Attorney

**PryorParrott, PC
Attorneys**
Post Office Box 103
140 Kentucky Street
Jacksboro, TN 37757
(423) 907-0907

PAGE 18 OF 18

Case 3:16-cv-00589-TRM-HBG   Document 1   Filed 09/30/16   Page 18 of 18   PageID #: 18