UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ASHLEY KEISLING, individually, and as a natural guardian for S.E. and C.E., minor children, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 3:16-cv-589-TRM-HBG |
| AMANDA SAMMONS, *et al.,* ) ) | |
| Defendants. ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and Standing Order 13-02.

Now before the Court is the Plaintiffs' Motion for Leave to File Amended Complaint [Doc. 22], filed on January 16, 2017.[1] The Plaintiffs move to amend the Complaint to provide more concise statements of factual claims in response to the Defendants' Motions to Dismiss under Rule 12(b)(6). Further, the Plaintiffs state that they agree that the subject matter of this cause of action does not involve discrimination of a protected class under 42 U.S.C. § 1985 and that the claims thereunder have been withdrawn in the Amended Complaint. In addition, the Plaintiffs assert that the claim for punitive damages has been limited to Defendant Sammons in her individual capacity because government defendants are immune from claims for punitive damages. The Plaintiffs have also added claims for declaratory and injunctive relief. A copy of the proposed Amended Complaint is attached as an exhibit to the Motion.

---

[1] The Plaintiffs' Motion is also styled as a Response to Defendants' 12(b)(6) Motion to Dismiss. The undersigned's Order does not address the Motions to Dismiss.

Defendants Whitley County, Kentucky, and Colan Harrell responded [Doc. 28] in opposition to the Motion. The Defendants assert that the Plaintiffs' Amended Complaint is barred by the statute of limitations. The Plaintiffs filed a Reply [Doc. 30] arguing that the claims relate back to the date of the original Complaint.

As an initial matter, the Court notes that only Defendants Whitley County and Harrell filed a response to the Motion. See E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Further, Federal Rule of Civil Procedure 15(a)(2) provides, "The court should freely give leave when justice so requires." Accordingly, the Court finds good cause to grant the Plaintiffs' Motion. The Court notes that trial in this case has not been set and the Motion complies with Local Rule 15.1. Although the Defendants' response asserts that the Plaintiffs' Amended Complaint is barred by the statute of limitations, the Court finds that such an argument is better raised in a dispositive motion. See Wiggins v. Kimberly-Clark Corp., No. 3:12-cv-115, 2014 WL 1267574, *2 (E.D. Tenn. Mar. 26, 2014) (allowing plaintiff to amend the complaint while noting that the related issues raised in the parties' briefs can be addressed through the filing of appropriate motions after the plaintiff files an amended complaint). Accordingly, the Plaintiffs' Motion to Amend Complaint [**Doc. 22**] is **GRANTED**. The Plaintiffs **SHALL FILE** their Amended Complaint [Doc. 22-1] as their operative pleading in CM/ECF on or before **March 20, 2017.**

**IT IS SO ORDERED**.

ENTER:

*[signature: Bruce Guyton]*
United States Magistrate Judge